IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00742-MSK-MJW

WILDEARTH GUARDIANS,

Plaintiff,

v.

LAMAR UTILITIES BOARD d/b/a Lamar Light and Power, and
ARKANSAS RIVER POWER AUTHORITY,

Defendants.

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR LEAVE TO EXTEND BRIEFING SCHEDULE ON
DEFENDANTS' MOTION TO DISMISS TO PERMIT PLAINTIFF AN OPPORTUNITY
TO CONDUCT LIMITED DISCOVERY REGARDING JURISDICTION
(DOCKET NO. 14)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to for Leave to Extend Briefing Schedule on Defendants' Motion to Dismiss to Permit Plaintiff An Opportunity to Conduct Limited Discovery Regarding Jurisdiction (docket no. 14).  The court has reviewed the subject motion (docket no. 14), the response (docket 18), and the reply (docket no. 20).  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In this lawsuit, Plaintiff alleges in the Complaint violations of the Federal Clean Air Act in connection with Defendants' operation of a coal-fired electronic generation facility known as the Lamar Repowering Project and seeks declaratory and injunctive relief, as well as civil monetary penalties, against the Defendants.  Plaintiff seeks an

Order from this court allowing limited discovery regarding jurisdiction and once such discovery is complete to allow Plaintiff to file a supplemental or amended response brief to Defendants' Motion to Dismiss Complaint (docket no. 12).

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That venue is proper in the state and District of Colorado;

2. That each party has been given a fair and adequate opportunity to be heard;

3. That Plaintiff's Complaint alleges that the Lamar Light and Power Plant has an ongoing compliance problem, that future violations will recur when the Plant resumes operations, and that those violations are imminent. See Complaint (docket no. 1) at paragraphs 105 through 108, inclusive;

4. That in the Defendants' Motion to Dismiss (docket no. 12), the Defendants seek dismissal of Plaintiff's Complaint and this lawsuit pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction;

5. That Defendants argue in the Motion to Dismiss (docket no. 12) that this case is MOOT unless Plaintiff proves that "there is a realistic prospect that the violations alleged in their Complaint will continue notwithstanding the Consent Orders." See docket no. 12 at pages 13 through 15, inclusive;

6. That as argued by Defendants in their Motion to Dismiss (docket

no. 12), the Consent Orders do not address all alleged violations as outlined in Plaintiff's Complaint.  In particular, the Consent Orders do not address counts seven through ten, inclusive, in the Plaintiff's Complaint.  Counts seven through ten, inclusive, of Plaintiff's Complaint allege that Defendants failed to monitor continuously Nox, SO2, CO, and opacity and failed to ensure compliance with its emission limitations when operating the coal-fired boiler at the Lamar Light and Power Plant, violating Lamar's Permit, the Colorado SIP, and the Clean Air Act.  See Complaint (docket no. 1) at paragraphs 160 through 195, inclusive; and

7. That whether future violations may occur, under the realistic prospect test, is a factual dispute, and therefore limited discovery regarding jurisdiction should be permitted at this stage of this litigation pursuant to <u>Sizova v. Nat. Institute of Standards & Technology</u>, 282 F.3d 1320, 1326 (10th Cir. 2002) ("When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion.").

**ORDER**

**WHEREFORE**, based upon these findings of facts and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion for Leave to Extend Briefing Schedule on Defendants' Motion to Dismiss to Permit Plaintiff An Opportunity to

Conduct Limited Discovery Regarding Jurisdiction (docket no. 14) is GRANTED as follows;

2. That Plaintiff may file a supplemental or amended response brief once the limited discovery regarding jurisdiction is completed to Defendants' Motion to Dismiss Complaint (docket no. 12);

3. That a Rule 16 Scheduling Conference is set before Magistrate Judge Watanabe on July 12, 2011, at 9:30 a.m. The parties shall file their proposed Rule 16 Scheduling Order with the court five (5) days prior to the Rule 16 Scheduling Conference. The proposed Rule 16 Scheduling Order **shall be limited in scope to discovery on the issue of jurisdiction only**. At the Rule 16 Scheduling Conference, Magistrate Judge Watanabe will also be setting a date certain for filing with the court any supplemental or amended response brief to Defendants' Motion to Dismiss Complaint (docket no. 12) by Plaintiffs and will also be setting a date certain for any supplemental or amended reply brief by Defendants; and

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 24th day of June 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE