IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-00742-MSK-MJW

WILDEARTH GUARDIANS,

Plaintiff(s),

v.

LAMAR UTILITIES BOARD d/b/a Lamar Light and Power, and
ARKANSAS RIVER POWER AUTHORITY,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT
(DOCKET NO. 43)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Leave to File a Supplemental Complaint (docket no. 43).  The court has reviewed the subject motion (docket no. 43) and the response (docket no. 45).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Federal Rule of Civil Procedure 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Motions to supplement are addressed to the sound discretion of the court. Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989). "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)." Southwest Nurseries, LLC v. Florists Mut. Ins., Inc., 266 F. Supp.2d 1253, 1256 (D. Colo. 2003). Leave to supplement should be freely granted "unless there is a showing of: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; or (5) futility of the amendment." Myers v. Alliance for Affordable Services, 371 Fed. Appx. 950, 960 (10th Cir. Apr. 7, 2010), citing Forman v. Davis, 271 U.S. 178, 182 (1962); and

5. That I find that the supplemental complaint has not been brought in bad faith or for a dilatory motive on the part of the Plaintiff. The supplemental complaint concerns Clean Air Act violations that allegedly occurred from July 23, 2011, through November 12, 2011,

3

after the filing of the original complaint.  The original complaint (docket no. 1) was filed with the court on March 23, 2011.  On January 16, 2012, Plaintiff provided Defendants with notice of its intent to sue over these violations.  See exhibit A attached to subject motion (docket no. 43).  The supplemental complaint will not cause undue delay since the parties have not conducted discovery on the merits, and no depositions have been taken in this case.  Moreover, the discovery cut off date is June 3, 2013, and the dispositive motion deadline is July 3, 2013.  In addition, I find the supplemental complaint is timely per the Rule 16 Scheduling Order dated May 16, 2012 (docket no. 41), which set the deadline to amend the pleadings or join additional partes on June 8, 2012, and the subject motion (docket no. 43) was filed with the court on June 7, 2012.  Further,  I do not find that this supplemental complaint will cause undue prejudice to Defendants, and Defendants will have a full opportunity to conduct discovery on the merits and prepare their defenses to the supplement complaint. Lastly, I find that there has not been prior amendments that have failed to cure any deficiencies in the complaint, and allowing the supplemental complaint would not be futile.  Accordingly, for these reasons, the subject motion (docket no. 43) should be granted.

4

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion for Leave to File a Supplemental Complaint (docket no. 43) is **GRANTED**. The Supplement Complaint (docket no. 43-2) is accepted for filing as of the date of this Order; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 11th day of July 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE